[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISSOLVE (No. 158.00)
The parties appeared before this court on June 23 and 26, 1992 with regard to the above captioned motion. During the course of the proceedings, it became apparent that each of them had conflicting goals as to post judgment orders. The motion to dissolve stay was simply stated as follows:
 The defendant [James T. Hill, the husband] moves to dissolve any stay in order to allow the sale of the marital home and the payment of debts pursuant to the order of the court.
CT Page 6623
The essential allegation of the house to be sold was agreed on by the parties. Defendant's Exhibit One was a series of bills and other expenses that set forth the entire liability of the parties, and the testimony was from each of them as to who wanted what items paid and when.
The hearing was held pursuant to 4046 of the Connecticut Practice Book and the Yontef v. Yontef case,185 Conn. 275 (1981). This case is hereinafter called Yontef. This is the case that allowed post judgment orders to be made under the inherent authority of a court to preserve rights pending appeal.
At the conclusion of the hearing, it was clear to the court that the parties had agreed to certain items but disagreed as to other items. The court ordered the parties to draft a stipulation with regard to their agreements. That stipulation was dated July 2, 1992, and on its filing, was made an order of the court on July 2, 1992. It is a comprehensive stipulation that in sum and substance allows the house to be sold, certain debts to be paid, some with and some without prejudice. It is a well crafted order and addresses the problems of the parties.
The court, having heard the testimony of the parties and having considered the interests of justice as well as the practice book requirement and the Yontef case, declines to order any further relief beyond what the parties have agreed to. The court finds that the testimony is so conflicting as to the rights and responsibilities as to the remaining items that appear on defendant's Exhibit One that the interest of justice are not served by these being addressed at this time prior to the appeal having been decided.
EDWARD R. KARAZIN, JR., JUDGE